UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Joshua M. Colbath

   v.                               Civil No. 06-cv-350-SM

Warden, Lakes Region Facility

**O R D E R**

Pro se petitioner Joshua M. Colbath, Jr. has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his New Hampshire state court confinement (document no. 1). The petition is before me for preliminary review. See Rule 4 of the Rules Governing § 2254 Proceedings ("Habeas Rules") (requiring initial review to determine whether the petition is facially valid); see also United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate judge to preliminarily review pro se pleadings).

For the reasons stated below, I find that the petition does not at this time make a facially sufficient showing that Colbath is entitled to relief. I therefore order him to amend the petition to demonstrate that each of the claims therein has been

properly exhausted before I will direct that the petition be answered.

## Background

Having pled guilty to a violation of probation on March 1, 2006, Colbath was sentenced to a term of imprisonment by the New Hampshire Superior Court (Strafford County). The Agreement on Violation of Probation provides:

> The defendant pleads chargeable to the Violation of Probation filed on February 15, 2006. The defendant is discharged from the Academy Program and the sentence of 2 ½ – 5 years stand committed is imposed. The defendant has seventy (70) days of pretrial credit. The balance of the minimum sentence shall be suspended upon the defendant's acceptance into a long-term substance abuse treatment program. Upon successful completion of the long-term program, the balance of the maximum sentence shall be suspended. The violation of probation dated January 12, 2006 is withdrawn.

Colbath is currently incarcerated at the Lakes Region Facility in Laconia, New Hampshire. He has been accepted into two substance abuse treatment programs allegedly approved by the New Hampshire Adult Parole Board ("Parole Board").

In June of 2006, Colbath filed a habeas corpus petition with the New Hampshire Superior Court (Belknap County). Although he has not provided this Court with a copy of the petition, he broadly alleges that he raised the following claims: (1) denial

of the right to due process; (2) denial of the right to equal protection; and (3) ineffective assistance of counsel.  His petition was dismissed on August 3, 2006.  In dismissing the petition, the superior court held:

> The defendant has no basis to seek his immediate release from the State Prison.  Nothing in the plea hearing in Strafford County on March 1, 2006, which the Court has reviewed, would give the defendant an expectation that he would be released from the prison prior to the time he is actually physically admitted to the long-term substance abuse treatment program at the Phoenix House in Dublin, New Hampshire.  Defendant has been accepted at Phoenix House and awaits an available bed.  The balance of his minimum sentence is suspended and he must be paroled to the program by the Parole Board.  The Department of Corrections is prepared to parole, and has actually approved parole of the defendant <u>effective</u> upon an available bed for the defendant at Phoenix House.  Apparently, the expectation is that a bed will be available in September, based on the current wait list.  Upon successful completion of the long-term program, the Court did suspend the balance of the maximum of the defendant's sentence.

There is no indication in the record that Colbath sought further appellate review or filed an appeal with the New Hampshire Supreme Court ("NHSC").

In his federal petition, Colbath alleges three grounds for habeas corpus relief:

1. denial of due process and breach of the plea agreement when Colbath was not permitted to attend a substance abuse treatment program approved by

>    the Parole Board (Ground 1);
>
> 2. denial of effective assistance of trial counsel during Colbath's plea hearing and during the negotiation of his plea agreement (Ground 2); and
>
> 3. denial of the right to equal protection when the New Hampshire Department of Corrections failed to follow Colbath's sentencing order, made misrepresentations to the Parole Board and manipulated prison policies and procedures (Ground 3).

While Colbath alleges that he has exhausted state remedies with regard to the claims raised in his federal petition, there is no indication that he presented the claims to the NHSC for review.

### Standard of Review

In reviewing a pro se petition, this Court must construe the pleadings liberally, see Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976)), treating all well-pleaded factual allegations as true and drawing all reasonable inferences in the litigant's favor, see Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that pro se pleadings are given fair and meaningful consideration. See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

**Discussion**

I.   Custody and Exhaustion

To be eligible for habeas relief, Colbath must show that he is in custody and has exhausted all state court remedies (or that he falls within a narrow category of cases in which exhaustion is not required, such as the absence of an available or effective state corrective process).  See 28 U.S.C. § 2254(a) & (b); see also Duncan v. Henry, 513 U.S. 364, 365 (1995).  He satisfies the first requirement as he is currently incarcerated at the Lakes Region Facility in Laconia, New Hampshire and thus is in custody.  However, Colbath fails to satisfy the second requirement because the petition does not demonstrate that he has fully exhausted his state remedies with regard to each claim raised in his federal petition.  Nor has he alleged any facts to suggest that effective state court remedies are unavailable to him.

A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state

appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan, 513 U.S. at 365-66 (requiring petitioner to "fairly present" his claim in the appropriate state courts, including a state supreme court with powers of discretionary review, thereby alerting that court to the federal nature of the claim)).  "[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application."  Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997).

   In the instant petition, Colbath raises three grounds for federal habeas corpus relief.  There is no indication that he presented the claims, or the federal nature of the claims, to the NHSC for review.  Accordingly, he has failed to demonstrate exhaustion of state remedies as to the claims raised in his federal petition.  To demonstrate exhaustion of his claims, Colbath must provide this Court with copies of any motions, petitions, notices of appeal, briefs and orders and/or final judgments pertaining to his state court proceedings.  See Smith

<u>v. Digmon</u>, 434 U.S. 332, 333 (1978) (discussing documents which would enable a federal court to determine whether the grounds supporting the habeas petition had been presented for review in the state courts). In particular, he should provide this Court with a copy of any appeals filed with the NHSC.

### Conclusion

For the reasons stated above and because the claims raised in the petition have not been exhausted, I will allow Colbath an opportunity to amend his petition to demonstrate exhaustion of state remedies with regard to his claims and the federal nature of those claims. To make this showing, he is instructed to provide the court with a copy of any notice(s) of appeal filed with the NHSC and any other relevant state court pleadings, orders or decisions within thirty (30) days.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: October 3, 2006

cc:    Joshua M. Colbath, *pro se*